THE PEOPLE ex rel. SILAS H. WITHERBEE, Survivor, etc., Respondent, *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF ESSEX, Appellant.

Where, owing to a dispute as to the boundary line between two towns, an individual's real estate has been assessed and taxes paid in both towns, and the board of supervisors of the county have refused to ascertain and determine the amount which he is equitably entitled to receive back as authorized by the act of 1873 (Chap. 119, Laws of 1873), it is not essential to relief by mandamus that an action could have been maintained against the assessors; the statute may be invoked without regard to that question.

(Argued March 16, 1881; decided April 19, 1881.)

THESE were proceedings by mandamus to compel defendant to ascertain, fix and determine, as prescribed by the act chapter 119, Laws of 1873, the amount the original petitioners were

equitably entitled to recover back from the towns of Westport and Elizabethtown in the county of Essex, for taxes alleged to have been paid by petitioners while the line between the two towns was in dispute.

It is reported on a former appeal in 70 N. Y. 228.

It was made a point upon this appeal that the relators could have no relief if they could not have recovered by action.

The court say : " It is said that if the assessments had been illegal on their face they were voluntarily paid ; that, if they were involuntarily paid, they were *prima facie* regular, and hence the relator could not have maintained an action against assessors or collector.   It is then said that this court when this case was here before called the relief that was given by the act of 1873 (Laws of that year, chap. 119)' a cumulative remedy.   It is argued from this, that as a cumulative remedy is another remedy added to that which existed before, if none existed before, then this does not apply now.   This position forgets that the remedy called a cumulative remedy is so styled as an additional help to redress for the general wrong and injustice done to the citizen who has been obliged to pay more than his equitable share of the public burden, when two towns by reason of a difference as to a boundary line insist on taking jurisdiction of his property and mulcting him in a share of their burdens.   It may be that this will be so done as that an action will lie or it may not.   In either case the statute may be invoked.   Hence it is a cumulative remedy for that wrong or injury."

Other questions were disposed of on the facts.

*Francis A. Smith* for appellant.

*M. D. Grover* for respondent.

Folger, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.